UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GODFREY CADOGAN,**

       **Plaintiff,**          **CIVIL ACTION NO. 09-CV-10243-DT**

vs.

                           **DISTRICT JUDGE JOHN FEIKENS**

**UNITED STATES OF**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**AMERICA, et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendants' Motion to Dismiss (docket no. 10) should be **GRANTED**, Plaintiff's Motion for Preliminary Injunction (docket no. 2) should be **DENIED,** and this Petition should be **DISMISSED.**

**II.**    **REPORT:**

    **A.**    **Facts and Procedural History**

Plaintiff filed this Petition for Writ of Audita Querela on January 22, 2009 seeking a court order vacating the removal order entered against him by the Board of Immigration Appeals, or granting a preliminary injunction barring his removal until the merits of his action may be considered. (Docket no. 1 at 1, 7). Plaintiff named as Defendants the United States Government and various agencies and employees of the Government. (*Id.*). Defendants filed a Motion to Dismiss this action due to lack of jurisdiction on March 23, 2009. (Docket no. 10). Plaintiff filed a Response brief on April 8, 2009. (Docket no. 11). This matter was referred to the undersigned

for all pretrial purposes. (Docket no. 4). Plaintiff's Motion for Preliminary Injunction and Defendants' Motion to Dismiss are now ready for ruling.

An immigration judge in 2005 ordered Plaintiff, who is not a United States citizen, removed from the country following a state court conviction which was affirmed on appeal. (Docket no. 1, attached exs.). Plaintiff unsuccessfully appealed to the Board of Immigration Appeals. (*Id*.). Plaintiff now moves pursuant to the All Writs Act (28 U.S.C. § 1651) for this Court to vacate the order of removal. (Docket no. 1). The Government moves to dismiss Plaintiff's petition because section 242 of the Immigration and Nationality Act (codified at 8 U.S.C. § 1252) bars this Court from asserting subject matter jurisdiction in this action. (Docket no. 10 at 4). Plaintiff responds by arguing that jurisdiction is proper under 8 U.S.C. § 1252(f)(2). (Docket no. 11 at 1).

**B.     Controlling Authority**

Title 8, United States Code, section 1252(a)(5) provides that notwithstanding any other provision of law (including 28 U.S.C. § 1651), "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section." Subsection (e) pertains to the removal of arriving aliens and is not applicable to Plaintiff's case. In addition, 8 U.S.C. § 1252(g) provides that except as provided in this section and notwithstanding other laws including specifically 28 U.S.C. § 1651, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

**C.     Analysis**

The plain language of 8 U.S.C. §§ 1252(a)(5) and (g) quoted above clearly bars this Court's exercise of subject matter jurisdiction to hear this cause which arises from the Attorney General's decision to remove Plaintiff from the country. *See Muka v. Baker,* 559 F.3d 480, 484 (6th Cir. 2009) (affirming district court dismissal for lack of subject matter jurisdiction of habeas petition seeking to challenge legality of removal order because 8 U.S.C. § 1252 "provides an exclusive mechanism for review of such decisions via petitions for review in the court of appeals"); *Guardiola-Hernandez v. Clark*, 2007 WL 174088 (W.D. Wash. Jan. 17, 2007) (finding district court has no subject matter jurisdiction over Petitioner's petition for writ of habeas corpus and audita querela challenging removal order because matter must be brought before appropriate court of appeals).

Plaintiff does not argue that sections 1252(a)(5) and (g) allow for the exercise of subject matter jurisdiction. (Docket no. 11). Rather, he relies on section 1252(f)(2). Subsection (f) is captioned "Limit on injunctive relief." Subsection (f)(2) is captioned "Particular cases" and reads:

> Notwithstanding any other provision of law, no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.

8 U.S.C. § 1252(f)(2).

Plaintiff further argues that he meets the "clear and convincing evidence" standard through his *Batson*[1] claims in state court which the state appellate court allegedly failed to docket and consider in its review of his criminal conviction. (Docket no. 11 at 3-4).

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).

Plaintiff's interpretation of section 1252(f)(2) must be rejected. Plaintiff relies on *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 481-82 (1999) for his contention that this section is a grant of jurisdiction. (Docket no. 11 at 3). However, even though the Court in that case was considering a slightly different version of this section, it found that section 1252(f) by its "plain terms" and "title" "is nothing more or less than a limit on injunctive relief." *Reno*, 525 U.S. at 481. The Court added, "To find in this an affirmative grant of jurisdiction is to go beyond what the language will bear." (*Id*. at 482). The same can be said for the current version of subsection (f)(2). Plaintiff's attempt to find an affirmative grant of jurisdiction in this subsection is going beyond what the language will bear.

According to the plain language of 8 U.S.C. § 1252(g) this Court lacks subject matter jurisdiction over this petition. Plaintiff's Motion for a Preliminary Injunction should therefore be denied and his Petition dismissed. Plaintiff does not request that this Court transfer his petition to the court of appeals for consideration pursuant to 28 U.S.C. § 1631. The present petition is in the form of a petition for writ of audita querela rather than a petition for review which is required in the court of appeals. Under these circumstances, the Court finds that it is not in the interests of justice to transfer the petition.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 16, 2009                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Godfrey Cadogan and Counsel of Record on this date.

Dated: April 16, 2009                    s/ Lisa C. Bartlett
                                         Courtroom Deputy